Honorable James W. Smith, Jr. Frio County Attorney P.O. Box V Pearsall, Texas 78061
Re: Whether section 52.004 of the Property Code dispenses with the requirement of article 5448, V.T.C.S., that each county clerk shall keep a separate judgment record and shall immediately file and record all properly authenticated abstracts of judgment
Dear Mr. Smith:
You have asked whether a county clerk is still required to maintain a separate judgment records index for recording abstracts of judgment which establish a judgment lien. You have stated that it is the practice in one county not to maintain separate judgment records but to record judgment abstracts in the real property records of that county. You ask whether a judgment lien will be established if the abstract of judgment is filed in the real property records.
It is our opinion that, under the newly enacted Property Code, the county clerk is required to maintain a separate set of judgment records, with the appropriate indexing, for the recording of all abstracts of judgment which may be filed in his office.
Before the enactment of the Property Code, the county clerk was required by statute to keep a "well bound book" for the filing of abstracts of judgment. V.T.C.S. art. 5448 (repealed). The new provision in the Property Code does not require a separate book but requires only that the clerk file an abstract of judgment in the "county judgment records," which may be a separate book as required by article 6601, V.T.C.S., or in the real property records, if the provisions of article 1941(a) have been adopted.
With regard to the recording and indexing of abstracts, section52.004 of the Property Code provides:
 (a) The county clerk shall immediately record in the county judgment records each properly authenticated abstract of judgment that is presented for recording. The clerk shall note in the records the date and hour an abstract of judgment is received.
 (b) At the same time an abstract is recorded, the county clerk shall enter the abstract on the alphabetical index to the judgment records, showing:
(1) the name of each plaintiff in the judgment;
(2) the name of each defendant in the judgment; and
 (3) the number of the page in the records in which the abstract is recorded.
 (c) The clerk shall leave a space at the foot of each recorded abstract for the entry of credits on or satisfaction of the judgment and shall make those entries when credits are properly shown.
Article 6601, V.T.C.S., provides:
 All deeds of trust, mortgages or judgments which are required to be recorded in order to create a judgment lien, or other instruments of writing intended to create a lien, shall be recorded in a book or books separate from those in which deeds or other conveyances are recorded. (Emphasis added).
Thus, except where superseded by article 1941(a), article 6601 requires abstracts of judgment to be recorded separately from the real property records.
Article 1941(a) permits a county clerk in his sole discretion to adopt a microfilm process for the filing and recording of all instruments within his office and repeals conflicting laws. The legal documents are classified into seven categories, and a separate microfilm record is required for each of these categories. V.T.C.S. art. 1941(a), § 2. One of these categories is "official public records of real property," which includes deeds and other real property transactions. As a result, we believe that a county clerk is authorized to file an abstract of judgment in microfilm form. Thus, we conclude that an abstract of judgment is required to be recorded and filed in a book separate from real property records unless a microfilm method of recordation is in effect pursuant to article 1941(a), V.T.C.S.
 SUMMARY
An abstract of judgment is required to be recorded and filed in a book separate from real property records unless a microfilm method of recordation is in effect pursuant to article 1941(a), V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General